THE STATE, DEFENDANT IN ERROR, v. ABDUL HAMID
SULEIMAN, PLAINTIFF IN ERROR.

Submitted June 5, 1924—Decided October 7, 1924—Filed October
24, 1924.

Crimes—Carnal Abuse—Father Refreshing Memory by Use of
Birth Certificate—Certificate Properly Admitted in Evidence
—No Error in Admission of Evidence Regarding Religious
Propaganda of Defendant—Judgment Not Found Against
Weight of Evidence.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff in error, *Robert H. Hartgrove.*

For the defendant in error, *John O. Bigelow.*

PER CURIAM.

This is a rather unusual case. The indictment charged
the defendant, a man claiming to be seventy-eight years old,
with carnel abuse of a child then under the age of twelve
years, on April 7th, 1923, at her home. The case as pre-
sented for the state indicated that the defendant, a Moham-
medan, was exploiting a sort of religious cult, and had made a
number of converts, including the father and step-mother
of the child, and that in initiating the family into the cult,
the defendant told the father and step-mother that the three
children must be initiated separately from them, and that he,
the defendant, was to spend nine nights in the same room
with them. The claim on behalf of the state, and which
there was evidence to support, indicated that on the first
night he spent in the room with the children he took the
child in question out of her bed and over to his bed, and then
and there had sexual intercourse with her. We prefer not

to review the circumstances indicated by this somewhat repulsive evidence. The girl apparently did not cry out at the time, but told her step-mother the next morning, and the latter had a physician examine the child, who failed to find evidence of such a recent connection, and gave testimony tending to indicate that the girl was not a virgin at the time. The defense was, in substance, an *alibi*, that the defendant on that night was at a meeting in New York, and stayed there until after midnight, and there was a direct issue of fact put to the jury as to whether there had been carnel abuse by the defendant of this child on the night specified in the indictment.

The first point argued is that the father was allowed to refresh his memory by utilizing a birth certificate of his daughter in testifying to her age. The second, that the birth certificate was admitted in evidence. It was clearly admissible in evidence under the express language of the statute. *Comp. Stat.*, p. 2229. The argument seems to be that it was not the best evidence, but where the statute makes it competent evidence it cannot be kept out on any such ground, nor do we see any error in permitting the father to use this official certificate to refresh his memory. *Jones Ev.*, § 880.

The third and fourth points are directed to the evidence admitted by the court with respect to the religious propaganda of the defendant and his relations with the family as leading up to the alleged crime. All this we think was entirely relevant to the case, and see no error in its admission.

Lastly, it is charged that the verdict was against the weight of evidence, and we are asked on our reading of the testimony to print, without any such opportunity as the jury had of seeing the complaining witness and the defendant and the other witnesses in the case, to hold that this verdict ought to be set aside because not warranted by the evidence before the jury. As to this, it is sufficient to say that we are not satisfied that the verdict was against the weight of the evidence under the test laid down in *State* v. *Karpowitz,* 1 *N. J. Adv. R.* 94, by the Court of Errors and Appeals.

The judgment will therefore be affirmed.